In re NORTH MANDALAY INVEST-MENT GROUP, INC., Metco Real Estate and Insurance, Inc., Metco Holdings, Incorporated, and Robert J. Metz, Debtors.

North Mandalay Investment Group, Inc., Metco Real Estate and Insurance, Inc, Robert J. Metz, and Metco Holdings, Incorporated, Plaintiffs,

v.

Financial Warehouse Group, L.L.C.; Dale Ayers; Myron Dimsdale; Fairview Commercial Lending, Inc.; Oak Grove FL, L.L.C., a Georgia Limited Liability Company; Baybreeze Hotel FL, L.L.C., Georgia Limited Liability Company; Williamsburg Apartments FL, L.L.C., a Georgia Limited Liability Company; and Pioneer Motorsports, L.L.C., Defendants.

Bankruptcy No. 8:05–BK–7020–ALP.
Adversary No. 8:05–AP–224–ALP.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 15, 2005.

Michael P. Brundage, Lynn Welter Sherman, Hill, Ward & Henderson, P.A., Tampa, FL, for Debtors.

## ORDER ON DEFENDANTS' MOTION TO DISMISS OR FOR ALTERNATIVE RELIEF

ALEXANDER L. PASKAY,
Bankruptcy Judge.

(Doc. No. 66)

THE MATTER under consideration in these Chapter 11 cases of North Mandalay Investment Group, Inc., Metco Real Estate and Insurance, Inc., Robert J. Metz, and Metco Holdings, Incorporated, (collectively referred to as the Debtors) is a Motion to Dismiss or for Alternative Relief, filed by Financial Warehouse Group, L.L.C., Dale Ayers, Myron Dimsdale, Fairview Commercial Lending, Inc., Oak Grove FL L.L.C., Baybreeze Hotel FL, L.L.C., Williamsburg Apartments FL, L.L.C. and Pioneer Motorsports, L.L.C., (jointly referred to as the Defendants) (Doc. No. 66) challenging the legal sufficiency of the Second Amended Complaint for Equitable Relief and Damages, filed by the Debtors. (Second Amended Complaint)(Doc. No.54).

The Defendants' Motion to Dismiss or for Alternative Relief (Motion to Dismiss) ostensibly filed by all Defendants appears to challenge initially all claims asserted by the Plaintiff and all the six Counts asserted in the Second Amended Complaint. However, the body of the text of the Motion to Dismiss leaves no doubt that the Motion to Dismiss as it relates to the claims in Counts I, II, and III request this Court to defer ruling on the claims set forth in Counts I, II, and III of the Second Amended Complaint until the resolution of the threshold issue which is whether or not the transactions between the parties was, in fact, a mortgage transaction involving the properties of the Debtor or a conveyance of ownership of the properties to Dale Ayers and/or the Financial Warehouse Group, L.L.C. or any other company controlled by Dale Ayers.

This Court is satisfied that the proposition of the Defendants is correct and, thereby, shall defer ruling on Counts I, II, and III of the Second Amended Complaint until this Court enters its Order regarding the determination of the properties involved in this dispute.

This leaves for consideration the Motion to Dismiss as it relates to the claims set forth in the both Count IVs, Count V and Count VI.

■ The Motion to Dismiss is granted as to the claims asserted in both Count IVs, Count V and Count VI, based on the nonspecificity and vagueness of the allegations set forth in the Plaintiff's Second Amended Complaint, especially, the total lack of specificity to each and every Defendant and the alleged charges with respect to each Defendant individually. It is impossible to tell from the Second Amended Complaint which of the Defendants committed which act that forms the bases for the claims asserted and what is the precise relief sough against that particular Defendant. Moreover, the Second Amended Complaint fails to comply with Rule 9(b) of Fed.R.Civ.P., as adopted by, Rule 7009(b) of the Federal Rules of Bankruptcy Procedure, which requires that fraud must be "stated with particularity."

■ This Court is satisfied however that the Economic Loss Doctrine does not bar the parties from pleading the allegations set forth in either of the Count IVs pled in the Second Amended Complaint since the operating facts to establish this claim are separate and independent from the operating claims to establish a breach of contract.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the ruling is deferred on the Defendants' Motion to Dismiss or for Al-

848

ternative Relief (Doc. No. 66) on Counts I, II, and III of the Second Amended Complaint for Equitable Relief and Damages, (Doc. No. 54) until this Court enters its Order regarding the determination of the properties involved in this dispute. It is further

ORDERED, ADJUDGED AND DECREED that the Defendants' Motion to Dismiss or for Alternative Relief as to both Count IVs, Count V and Count VI, of the Second Amended Complaint for Equitable Relief and Damages be, and the same is hereby, granted and both Count IVs, Count V, and Count VI of the Second Amended Complaint are dismissed without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiffs have twenty (20) days in which to file an amended complaint and the Defendants have fifteen days to answer the amended complaint. If no amended complaint is filed within fifteen (15) days of the entry of this Order, the Defendants are to file their answer to Counts I, II, and III of the Second Amended Complaint.

DONE AND ORDERED.